DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOSE P. FONT,**
Appellant,

v.

**THE HOMES AT SHERIDAN OCEAN CLUB HOMEOWNERS'
ASSOCIATION, INC.,** a Florida Not for Profit Corporation,
Appellee.

No. 4D2024-3289

[July 15, 2026]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Daniel A. Casey, Judge; L.T. Case No. 062019CA013410AXXXCE.

Simone F. Nelson of Font & Nelson, PLLC, Dania, for appellant.

Jeremy Dicker of Sachs Sax Caplan, Boca Raton, for appellee.

PER CURIAM.

Appellant appeals the final judgment awarding attorney's fees, costs, and interest to the homeowners' association under the association's Declaration and section 720.305(1), Florida Statutes (2019).[1] Appellant raises five issues on appeal. We affirm four of the issues without further comment. We write only to reverse the portion of the judgment finding that the Declaration permitted an award of attorney's fees incurred in litigating the amount of attorney's fees, and the corresponding award of those fees.[2]

---

[1] This court affirmed the underlying final judgment granting the association's request for injunctive relief in *Font v. Homes at Sheridan Ocean Club Homeowners' Ass'n*, 387 So. 3d 1216 (Fla. 4th DCA 2024).

[2] We find meritless appellant's argument that "enforcement" of the Declaration was no longer needed as of the signing of the long-term lease and address only the award of attorney's fees incurred in litigating the amount of fees.

"Whether a contractual fee provision encompasses an award of fees for fees is reviewed de novo." *Isbell v. Bohrer*, 414 So. 3d 204, 205 (Fla. 4th DCA 2025) (citing *Waverly at Las Olas Condo. Ass'n v. Waverly Las Olas, LLC*, 88 So. 3d 386, 389 (Fla. 4th DCA 2012)). "The general rule in Florida is that attorney's fees may not be awarded for litigating the amount of the fees." *O'Boyle v. Town of Gulf Stream*, 341 So. 3d 335, 340 (Fla. 4th DCA 2022). Florida courts have "authorized awards of 'fees for fees' only in limited contexts, including . . . when a contract is broad enough to encompass such an award." *Id.* In determining whether the provision is broad enough, "contractual provisions concerning attorney's fees must . . . be strictly construed." *Air Turbine Tech., Inc. v. Quarles & Brady, LLC*, 165 So. 3d 816, 821 (Fla. 4th DCA 2015) (citation omitted). Thus, the Declaration must be broad enough to encompass such an award to be upheld.

Here, the Declaration provides:

> Section 1. <u>Enforcement</u>. This Declaration, the Articles of Incorporation and the By-Laws may be enforced by the Association as follows:
>
> (a) Breach of any of the covenants contained in the Declaration or the By-Laws and the continuation of any such breach may be enjoined, abated or remedied by appropriate legal proceedings by the Declarant, the Association or the successors-in-interest of the Association. Any judgment rendered in any action or proceeding pursuant hereto shall include a sum for attorneys' fees, in such amount as the court may deem reasonable, as well as the amount of any delinquent payment, interest thereon, costs of collection and court costs.

The trial court relied on *Waverly at Las Olas Condominium Association*, 88 So. 3d at 389, in finding this language broad enough to permit "fees for fees." However, there, the provision at issue appeared under a "Litigation" subheading and applied to "any litigation between the parties under this Agreement," expressly including "fees and court costs at all trial and appellate levels." *Id.* at 387. In contrast, the Declaration here is narrower. The provision at issue appears under the "Enforcement" subheading and authorizes attorney's fees only in a judgment rendered in an action or proceeding "pursuant hereto."

This language is closer to that found in *Isbell*, which provided: "<u>Attorneys' Fees and Costs</u>. Should any litigation or legal proceeding be

2

required by either party for the *enforcement of this Agreement*, the prevailing party shall be entitled to an award of reasonable attorneys' fees and costs which they incurred in the enforcement of this Agreement." 414 So. 3d at 206. This court held that the provision was not broad enough to encompass "fees for fees" because it was "limited to fees incurred 'for the enforcement of this Agreement.'" *Id.*

Similarly, in *Nazarova v. Nayfeld*, 339 So. 3d 475, 477 (Fla. 3d DCA 2022), the provision at issue stated: "Attorney's Fees. In any lawsuit *brought to enforce the Lease* or under applicable law, the party in whose favor a judgment or decree has been rendered may recover its reasonable court costs, including attorney's fees from the non-prevailing party." (emphasis added). Although the provision included "any lawsuit," the Third District held that the "contractual language is simply not broad enough to encompass recovery of fees for litigating the amount of fees to be awarded." *Id.*

Here, the phrase "pursuant hereto" read with the "Enforcement" subheading, limits the attorney's fees award to actions brought under the Declaration's authority for enforcing the Declaration, Articles of Incorporation, and the By-Laws. This limitation is functionally equivalent to the phrases "to enforce the Lease" in *Nazarova* or "for the enforcement of this Agreement," in *Isbell*, both of which were held insufficient to authorize fees for litigating the amount of fees.

Accordingly, we find the Declaration is not broad enough to encompass such an award for fees incurred in litigating the amount of fees. We reverse that portion of the final judgment and remand with instructions for the trial court to remove the fees awarded for litigating the amount of fees. *See Isbell*, 414 So. 3d at 206.

*Affirmed in part, reversed in part, and remanded with instructions.*

GROSS, MAY and LEVINE, JJ., concur.

\*       \*       \*

**Not final until disposition of timely-filed motion for rehearing.**

3